IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBIN BEANS, ANGELA STOLDEN, DERICA JONES, SHERRIE BURRELL, EVELYN JONES-REED, MAKESHA LEE, AND SHELLEY HUNT, <br><br>Plaintiffs, <br><br>V. <br><br>AT&T SERVICES, INC. AND SOUTHWESTERN BELL TELEPHONE, L.P. A/K/A AT&T COMMUNICATIONS OF TEXAS, L.L.C. A/K/A AT&T SOUTHWEST, <br><br>Defendants. | § § § § § § § § § § § § § § § § § § | No. 3:20-cv-1451-L |

**MEMORANDUM OPINION**

Plaintiffs Robin Beans, Angela Stolden, Derica Jones, Sherrie Burrell, Evelyn Jones-Reed, Makesha Lee, and Shelley Hunt filed a motion for leave to file an amended complaint to add Brenda Mazzawi as a plaintiff, *see* Dkt. No. 23, which United States District Judge Sam A. Lindsay has referred to the undersigned United States Magistrate Judge for hearing, if necessary, and determination, *see* Dkt. No. 28. Defendants AT&T Services, Inc. and Southwestern Bell Telephone, L.P. a/k/a AT&T Communications of Texas, L.L.C. a/k/a AT&T Southwest filed a response, *see* Dkt. No. 26, and Plaintiffs filed a reply, *see* Dkt. No. 29.

For the following reasons, the undersigned GRANTS the motion for leave to amend the complaint.

-1-

## Background

Plaintiffs and Ms. Mazzawi were opt-in plaintiffs in a conditionally certified collective action under the Fair Labor Standards Act ("FLSA"). *See Mosley-Lovings v. AT&T Corp.,* No. 3:18-cv-1145-X (N.D. Tex.). Defendants moved for decertification, arguing that the opt-in plaintiffs could not show they were similarly-situated victims of a common policy or plan that violated the FLSA. *See* Dkt. No. 27-1 at 2-53; 29 U.S.C. § 216(b). Plaintiffs did not oppose decertification. *See id.* at 55-60. Instead, plaintiffs responded that it was their intent to pursue their claims in individual actions or in small groups of less than ten employees. *See id.* at 58. United States District Judge Brantley Starr granted the motion without prejudice, decertified the collective, and dismissed all opt-in plaintiffs from the case. *See id.* at 62-68. Many former opt-in plaintiffs then filed multiple lawsuits, including this one. *See* Dkt. No. 26 at 3 (discussing and listing cases).

In this case, Plaintiffs allege they worked for Defendants as hourly-paid, non-exempt call center employees who routinely worked over 40 hours per week but were not paid for all hours worked "off-the-clock" prior to the start time of their scheduled shift, during meal periods, and after the end time of their scheduled shift. They further allege Defendants had a policy and/or practice requiring or permitting employees to work "off-the-clock," but failing to record actual work time, which deprived Plaintiffs of proper overtime pay. *See* Dkt. No. 1.

Plaintiffs now seek leave to amend their complaint to add Brenda Mazzawi as a plaintiff. *See* Dkt. No. 23. Ms. Mazzawi also worked for Defendants and was an opt-

in plaintiff in the *Mosley-Lovings* case. Plaintiffs assert she should be added as a plaintiff in this case because she was a co-worker of several of them, she would be called as a witness, and she would call other plaintiffs to support her claims against Defendants.

Defendants oppose adding an additional plaintiff, arguing that addition of Ms. Mazzawi would be a futile and delay the case. *See* Dkt. No. 26.

In reply, Plaintiffs assert that Defendants apply the wrong test to determine futility and explain the delay for moving to add Ms. Mazzawi as a plaintiff.

## Legal Standards

Because the standards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, the court must determine, as an initial matter, whether the motion was filed before or after the deadline. *See, e.g*., *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-08700-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2).").

When the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Fed. R. Civ. P. 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). To meet the good cause standard, the party

must show that, despite her diligence, she could not reasonably have met the scheduling order deadline. *See id.* at 535. The Court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997)). If the movant satisfies Rule 16(b)(4)'s requirements, the court must then determine whether to grant leave to amend under Fed. R. Civ. P. 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536.

When the party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party

by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

## Analysis

Plaintiffs' motion for leave to amend their complaint was timely filed, *see* Dkt. No. 19 at 2; Dkt. No. 3, so the Court will consider it under Rule 15(a)'s more lenient standard.

First, Defendants argue that the proposed amendment would be futile.

"Futility" in this context means the proposed amended complaint would fail to state a claim upon which relief could be granted. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000)). But Defendants do not contend that Ms. Mazzawi fails to state a claim for alleged violations of the FLSA in the proposed amended complaint.

Instead, they argue amendment would be futile because Plaintiffs cannot meet either of Federal Rule of Civil Procedure 20(a)(1)'s requirements for permissive

joinder, *e.g.*, whether Plaintiffs and Ms. Mazzawi's claims arise out of the same transaction, occurrence, or series of transactions or occurrences and whether any questions of law or fact common to Plaintiffs and Ms. Mazzawi will arise in this action.

Defendants' futility argument grows from their position that there should be individual trials for each Plaintiff, given the individual nature of each Plaintiff's claims as to liability and damages. *See* Dkt. No. 18 at 3 ¶ 8. They also reiterate their intent to seek severance of all claims after discovery. *See* Dkt. No. 26 at 6 n.11. They argue that joining Ms. Mazzawi as a plaintiff would be improper because her claims, too, should be tried individually.

Defendants repeatedly refer to an agreement allegedly reached between plaintiffs and defendants in the *Mosley-Lovings* case that after decertification the opt-in plaintiffs would pursue only individual claims. But there is no evidence of such an agreement in the record, and, in their response to the motion for decertification, the plaintiffs in that case stated that they intended to pursue their claims in individual actions or in small groups of less than ten employees. Here, adding Ms. Mazzawi as a plaintiff would be in keeping with that representation.

And Defendants throw in a sentence asserting that the addition of another plaintiff would make the case unwieldly. See Dkt. No. 26 at 8.

The test here is not whether joinder of Ms. Mazzawi is proper or whether adding her as a plaintiff would be one plaintiff too many. The test is whether amendment would be futile because the proposed amended complaint fails to state a claim for which relief can be granted. Because Defendants do not apply the actual test, they fail

to show that the proposed amendment would be futile

Second, Defendants argue that the motion for leave should be denied because Ms. Mazzawi delayed in pursuing her claims after being dismissed from the *Mosley-Lovings* case.

On April 6, 2020, Judge Starr decertified the collective in *Mosley-Lovings* because plaintiffs did not oppose decertification and dismissed the opt-in plaintiffs without prejudice to refiling their claims. *See* Dkt. No. 27 at 62-68. On April 21, 2020, Ms. Mosley-Lovings filed a motion for leave to amend her complaint to add Ms. Mazzawi and six other individuals back into the case as opt-in plaintiffs. *See Mosley-Lovings v. AT&T Corp.*, No. 18-cv-1145-X (N.D. Tex.) at Dkt. No. 118. This lawsuit was filed on June 5, 2020, while Ms. Mazzawi was subject to the pending motion in the *Mosley-Lovings* case. *See* Dkt. No. 1. Judge Starr denied the motion for leave to amend to add Ms. Mazzawi back into the *Mosley-Lovings* case on July 31, 2020. *See Mosley-Lovings* at Dkt. No. 220. Plaintiffs filed their motion for leave to amend to add Ms. Mazzawi as a plaintiff in this case on November 17, 2020. *See* Dkt. No. 23.

"[M]ere passage of time need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Plaintiffs moved to amend within a reasonable time of four-and-one-half months after Ms. Mazzawi was precluded from being added back into the *Mosley-Lovings* case.

## Conclusion

The Court GRANTS Plaintiffs' Motion for Leave to File Amended Complaint

[Dkt. No. 23] and DIRECTS the Clerk of Court to docket Dkt. No. 23-1 as Plaintiffs' First Amended Complaint.

DATED: March 11, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE