IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBIN BEANS; ANGELA STOLDEN; SHERRIE BURRELL; EVELYN JONES-REED; MEKESHA LEE; SHELLEY HUNT; and BRENDA MAZZAWI,** | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:20-CV-1451-L-BN** |
| **SOUTHWESTERN BELL TELEPHONE L.P. a/k/a AT&T COMMUNICATIONS OF TEXAS, LLC a/k/a AT&T SOUTHWEST; and AT&T SERVICES, INC.,** | § § § § § § § | |
| Defendants. | § | |

## ORDER

On April 8, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 90) ("Report") was entered, recommending that the court grant Defendants' Summary Judgment Motion (Doc. 45), filed September 17, 2021; deny Plaintiffs' Motion for Partial Summary Judgment (Doc. 53), filed September 24, 2021; and dismiss with prejudice all claims asserted by Plaintiffs in this action against Defendants.

On April 23, 2022, Plaintiff filed objections to the Report, contending for various reasons that a genuine dispute of material fact exists as to AT&T's actual or constructive knowledge of the Fair Labor Standards Act ("FLSA") overtime violations alleged. In their response (Doc. 92), Defendants disagree and argue that: (1) Plaintiffs' objections are untimely, albeit by only a few minutes; (2) Plaintiffs' evidence is insufficient to raise a genuine dispute of material fact regarding AT&T's actual or constructive knowledge of the alleged overtime violations because the evidence is inadmissible, vague, or based on speculation; and (3) the Fifth Circuit made clear in *Fairchild v.*

**Order – Page 1**

*All American Check Cashing, Inc.*, 815 F.3d 959, 965 (5th Cir. 2016), that an employer's mere access to information is insufficient to impute constructive knowledge that an employee was working overtime.

Having considered the motions, admissible evidence, pleadings, the file, the well-reasoned and thorough Report, and record in this case, and having conducted a de novo review of that portion of the Report to which objections were made, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Even if viewed as timely, Plaintiffs' objections fail for essentially the reasons stated in Defendants' response to the objections and are, therefore, **overruled**. Accordingly, there is no genuine dispute of material fact regarding Plaintiffs' claim for alleged FLSA overtime violations, and Defendants are entitled to judgment as a matter of law. The court **grants** Defendants' Summary Judgment Motion (Doc. 45); **denies** Plaintiffs' Motion for Partial Summary Judgment (Doc. 53), as granting their motion would be legally inconsistent with the determination the court made regarding Defendants' summary judgment motion; and **dismisses with prejudice** all claims asserted by Plaintiffs in this action against Defendants.

**It is so ordered** this 19th day of May, 2022.

Sam A. Lindsay
United States District Judge

Order – Page 2